# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF GEORGIA

# SAVANNAH DIVISION

| | |
|---|---|
| KENNETH NATHANIEL BUSSIE, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> AL St. LAWRENCE, Sheriff, ) <br> McARTHUR HOLMES, Jail ) <br> Administrator, and EMPLOYEES, ) <br> ) <br> Defendants. ) | Case No. CV407-144 |

## REPORT AND RECOMMENDATION

Plaintiff, a detainee at the Chatham County Jail, has filed a complaint pursuant to 42 U.S.C. § 1983 challenging the conditions of his confinement at that facility. Doc. 1. On October 9, 2007, plaintiff was granted leave to proceed *in forma pauperis* on the condition that he return a Prisoner Trust Account Statement form and a Consent to Collection of Fees from Trust Account form within thirty days of the order. The Court informed plaintiff that his failure to return these forms would result in a recommendation that this case be dismissed. Plaintiff has returned the two forms; the case is therefore ready to proceed.

Congress enacted the Prison Litigation Reform Act of 1995 (PLRA), Pub. L. No. 104-134, 110 Stat. 1321–71, to establish procedures to govern civil complaints filed in federal court by prisoners and other detainees. Among the PLRA's procedures is the requirement for this Court to conduct an early screening in all civil cases of any complaint in which a prisoner seeks redress from a government entity or official. See 28 U.S.C. § 1915A. The purpose of the early screening is to "identify cognizable claims" in the prisoner's complaint and to dismiss any claims that: (1) are frivolous; (2) are malicious; (3) fail to state a claim upon which relief can be granted; or (4) seek monetary relief from a defendant immune from such relief. Id. Similarly, 42 U.S.C. § 1997e(c)(2) allows the Court, under the same four standards for dismissal listed in § 1915A, to dismiss any prisoner suit brought "with respect to prison conditions." Therefore, the Court will examine plaintiff's complaint to determine whether he has stated a claim for relief under 42 U.S.C. § 1983.

Plaintiff contends that he has been consistently singled out for hardship by other inmates and jail correctional staff because he is presently detained for the offense of failing to register as a sex offender. Doc. 1 at 8.

He alleges several instances of this discriminatory treatment in his complaint and supporting documents. Docs. 1, 6, 7, 8, &10. His complaint appears to center around two constitutional deprivations. First, he contends that he was deprived of due process when he was assigned to disciplinary segregation. Second, he alleges that the disciplinary segregation led to the infliction of unconstitutional punishment upon him. For the reasons that follow, however, the complaint should be **DISMISSED** for failure to state a claim upon which relief can be granted.

The complaint names Sheriff Al. St. Lawrence, Jail Administrator McArthur Holmes, and the entire jail staff as defendants. Doc. 1 at 1. The allegations against Al St. Lawrence and McArthur Holmes appear to be based solely on their positions as the officials charged with overall supervision of the jail. Plaintiff has failed to offer any specific allegations as to how these defendants have contributed to the alleged deprivations. Id. St. Lawrence and Holmes are never once mentioned in the body of the complaint. Id. Claims brought pursuant to § 1983 cannot be based upon theories of vicarious liability or respondeat superior. Polk County v.

Dodson, 454 U.S. 312, 325 (1981); Monell v. Dep't of Soc. Servs., 436 U.S. 658, 691 (1978). Rather, the plaintiff must demonstrate either that the defendants directly participated in the alleged constitutional deprivations or that there is some other causal connection between the officials' acts or omissions and the alleged constitutional deprivations. Brown v. Crawford, 906 F.2d 667, 671 (11th Cir. 1990); Lewis v. Smith, 855 F.2d 736, 738 (11th Cir. 1988) (per curiam). Such a causal connection may be established by showing that a supervisory official implemented or allowed to continue an official policy or an unofficially adopted policy or custom under which the violation occurred. Zatler v. Wainwright, 802 F.2d 397, 401 (11th Cir. 1986); Fundiller v. Cooper City, 777 F.2d 1436, 1442 (11th Cir. 1985). Plaintiff must show that the supervisors' knowledge amounted to deliberate indifference to the asserted harm or risk, in that their knowledge was "so pervasive that the refusal to prevent harm rises to the level of a custom or policy of depriving inmates of their constitutional rights." Tittle v. Jefferson County Comm'n, 10 F.3d 1535, 1541-42 (11th Cir. 1994) (Kravitch, J., concurring). Plaintiff fails to demonstrate any causal

4

connection between his claims and these supervisory officials. Neither official is liable under § 1983 simply because he employs a tortfeasor. Monell, 436 U.S. at 691.

Second, the complaint lists "all" of the jail's employees as defendants. Doc. 1; doc. 6 at 2. A jail's "staff" is not an entity subject to suit under § 1983. See Harris v. Matar, 1995 WL 9247, at *1 (N.D. Ill. 1995) (department of corrections medical staff is "neither a person nor an entity subject to suit because of a lack of legal existence"); Ferguson v. Morgan, 1991 WL 115759, at *1 (S.D.N.Y. 1991) (correctional facility medical staff not a person under § 1983). Plaintiff cannot proceed against all jail employees without explaining how each particular employee has infringed his constitutionally-protected rights. A generic reference to the entire workforce at the Chatham County Jail will not suffice, nor will the designation "et al." in the caption of his complaint. Plaintiff must identify the defendant he is suing, or explain why a particular defendant cannot be identified without further information. Here, plaintiff never alleges any facts suggesting that every single jail official has violated his rights. Nor

has he explained why he is unable to name each particular defendant in the style of his complaint.

Though certain officials are named in the body of the complaint, plaintiff fails to explicitly identify them as defendants. As there are no valid defendants, the complaint should be **DISMISSED** without prejudice.[1] The Court has attached a form complaint that plaintiff may use to more clearly identify the appropriate defendants and set forth his allegations should he wish to continue the pursuit of these claims in a new civil action. Although the form is designed to assist pro se prisoners in drafting a complaint, plaintiff is free to proceed without the form if he so chooses.

**CONCLUSION**

Plaintiff has alleged no factual basis for bringing a § 1983 action against the two named defendants, St. Lawrence and Holmes. Their position as supervisory officials is insufficient, in and of itself, to hold them responsible for the alleged constitutional violations by their subordinates. Further, plaintiff has not named any specific jail employee as a defendant

---

[1] All outstanding motions are hereby **DENIED**.

or explained why he is unable to do so. Plaintiff's complaint should be dismissed without prejudice.

**SO REPORTED AND RECOMMENDED** this \_\_12TH\_\_ day of December, 2007.

<!-- signature -->
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA